UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALEXIS FELICIANO,

          Plaintiff,

                                    Case No. 25-cv-0084-bhl

    v.

TRUE AV SOLUTIONS, LLC,

          Defendant.

---

### ORDER DENYING MOTION TO DISMISS

---

       Plaintiff Alexis Feliciano was one of four members of Defendant True AV Solutions, LLC (True AV) until the other members forced him out of the business. Feliciano, who identifies as Afro-Puerto Rican, alleges that his removal was racially motivated and thus violated 42 U.S.C. § 1981. (ECF No. 1.) True AV has moved to dismiss Feliciano's complaint, arguing that his allegations are too conclusory to state a claim. (ECF Nos. 6 & 7.) Having reviewed Feliciano's pleading, the Court concludes that while light on factual allegations, the complaint includes sufficient detail to support claims under Section 1981. Accordingly, True AV's motion to dismiss will be denied.

### BACKGROUND[1]

       True AV is a Wisconsin Limited Liability Company (LLC) that provides audio-visual production and design services. (ECF No. 1 ¶¶4, 5.) Feliciano was one of four members of the LLC until his removal. (*Id.* ¶7.) He was also the only "Afro-American" among True AV's members. (*Id.* ¶5.) Feliciano was responsible for managing technicians in the field, as well as projects, sales, service calls, and day-to-day operations for the physical security department. (*Id.* ¶7.) True AV had planned to apply for "minority contracts" but eventually decided against it. (*Id.* ¶5.) After the company decided not to pursue "minority status," the company began treating Feliciano differently than the LLC's other members. (*Id.*) He was asked to engage in "labor" and

---

[1] This Background is derived from Feliciano's complaint, (ECF No. 1), the allegations in which are presumed true when considering a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007).

"employee" work and was supervised in a way the other members were not. (*Id.*) He was also subjected to "derision" and "belittlement" by True AV's white members. (*Id.* ¶8.) Shortly after Feliciano complained that he was being treated differently, the other owners terminated his membership. (*Id.* ¶¶5, 9.) They explained that they terminated him because his "culture" and "appearance" were not a "good fit" for where True AV was headed and that he was "not at their level." (*Id.* ¶9.) Feliciano was issued a separation agreement and removed from the LLC membership. (*Id.*)

## LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). A complaint must contain a "short and plain statement of the claim showing that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must do more, however, than just "recite the elements of a cause of action in a conclusory fashion." *Roberts*, 817 F.3d at 565 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint survives a 12(b)(6) motion when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). A complaint will be dismissed if it fails to allege sufficient facts to state a claim on which relief may be granted. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ANALYSIS

Feliciano asserts claims for both racial discrimination and retaliation under Section 1981. He alleges that True AV's other owners unlawfully removed him from the company's membership based on his race and in retaliation for his having engaged in protected conduct. (ECF No. 1 ¶9.) Section 1981 prohibits racial discrimination "in the making and enforcing of contracts." *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (2011). The statute also prohibits retaliation for opposing impermissible discrimination. *Id.* (citing *CBOCS W., Inc. v. Humphries*, 553 U.S. 442 (2008)).

True AV argues that Feliciano has not stated a discrimination claim under Section 1981 because his complaint contains only conclusory allegations that True AV intentionally discriminated against him due to his race. (ECF No. 7 at 3–6.) True AV also contends that the complaint fails to allege that Feliciano was deprived of the right to make or enforce a contract. (*Id.* at 6–7.)

To state a discrimination claim under Section 1981, Feliciano must plausibly allege that: (1) he is a member of a racial minority; (2) True AV intentionally discriminated against him due to his race; and (3) the discrimination concerned the making or enforcing of a contract. *See Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996). Section 1981 requires that race be a but-for cause of a plaintiff's injury. *See Comcast Corp. v. Nat'l Assoc. of African Am.-Owned Media*, 589 U.S. 327, 333 (2020). The Seventh Circuit has described the pleading standard for simple claims of race discrimination as "minimal." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008).

Feliciano's allegations cover all three elements of a Section 1981 discrimination claim. He alleges that he is "Afro-American" and that he was subjected to a "[de facto] demotion" that included being asked to do "labor work" and being "supervised" in a manner the LLC's other, non-Afro-American members were not. He also alleges derision and belittlement from the white members, and that the other True AV members informed him that his "culture" and "appearance" were reasons for his ouster from the membership. These allegations satisfy the first two elements of a Section 1981 claim. As to the third element, Feliciano alleges that he was removed from membership of the LLC due to racial discrimination. Membership in an LLC is a matter of contract, and the removal of Feliciano's membership constitutes an "actual loss of a contract interest." *See Hatch v. City of Milwaukee*, No. 20-CV-1791-JPS, 2022 WL 17177716, at * (E.D. Wis. Nov. 23, 2022) (quoting *Morris*, 89 F.3d at 414–15). Accordingly, Feliciano's allegations also adequately cover the third element of a Section 1981 claim.

Citing the Supreme Court's decision in *Comcast*, True AV nevertheless insists that Feliciano's complaint fails because he has failed to plausibly allege causation. (ECF No. 7 at 3.) *Comcast* holds that a plaintiff must plead but-for causation to state a claim under Section 1981. 589 U.S. at 329–30, 333. Contrary to True AV's insistence, however, nothing in *Comcast* suggests that courts should impose a higher burden on plaintiffs who allege Section 1981 claims. (*See* ECF No. 7 at 5 n.2.) The Court merely clarified that but-for causation is an element of a Section 1981 claim that must be pleaded and eventually proved to recover under the statute. Feliciano alleges

that his race and complaints of racial discrimination were the causes of his removal, which satisfies the but-for causation standard at the pleading stage.

TrueAV also cites two cases from this district, *Romero v. JBS Packerland Inc.*, No. 17-C-729, 2017 WL 3273662 (E.D. Wis. Aug. 1, 2017) and *Badal v. Ariens Company*, No. 17-C-1704, 2018 WL 3037401 (E.D. Wis. June 19, 2018), both of which it contends confirm that Feliciano's claims are insufficiently pleaded. (ECF No. 7 at 4–5.) Neither case supports dismissal here. In *Romero*, the Court dismissed a complaint that included only a conclusory allegation that the plaintiffs were discriminated against on the basis of race. 2017 WL 3273662, at *4. Unlike that pleading, Feliciano's complaint offers significant factual detail supporting his contention that he was subject to discrimination based on his race. He does not simply rely on generic conclusory accusations. In *Badal*, the Court dismissed a complaint in which the plaintiffs' factual allegations related only to their religion, not their race. The Court noted that Section 1981 does not protect against religious discrimination, and thus the complaint's single conclusory allegation of racial animus was insufficient to state a claim under the statute. 2018 WL 3037401, at *7–10. The Court further explained that the plaintiffs had "expressly and unequivocally alleged" religious discrimination, thus providing an "obvious alternate explanation" for the treatment they challenged and undermining their claim of racial discrimination. *Id.* at *10. Feliciano does not allege religious discrimination or offer any obvious non-actionable alternate explanation for True AV's decision to terminate his membership.

Feliciano's retaliation claim is distinct from his discrimination claim. *See Adebe v. Health and Hosp. Corp.*, 35 F.4th 601, 606–07 (7th Cir. 2022) (analyzing Section 1981 claims for discrimination and retaliation separately). True AV's briefs suggest in a single heading that the company also challenges the sufficiency of Feliciano's retaliation claim. (ECF No. 7 at 3; ECF No. 11 at 2.) But the company offers no argument regarding the allegations supporting that claim. Having failed to explain why Feliciano's retaliation claim is insufficiently pleaded, True AV has waived any challenge to this claim. *See Trentadue v. Redmon*, 619 F.3d 648, 654 (7th Cir. 2010) ("[U]nderdeveloped arguments are considered waived."). Accordingly, True AV's motion to dismiss that claim is also denied.

## CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendant True AV Solutions, LLC's Motion to Dismiss, ECF No. 6, is **DENIED**.

Dated at Milwaukee, Wisconsin on May 6, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge