ALEXIS FELICIANO,

        Plaintiff,

                                    Case No. 25-cv-0084-bhl

    v.

TRUE AV SOLUTIONS, LLC,

        Defendant.

---

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

---

On January 17, 2025, Plaintiff Alexis Feliciano filed a complaint against Defendant True AV Solutions, LLC, alleging he was previously one of four members of True AV until the other members forced him out of the business. Feliciano identifies as Afro-Puerto Rican and alleges that his removal was racially motivated and violated 42 U.S.C. §1981. (ECF No. 1.) After the Court denied its motion to dismiss, True AV answered Feliciano's complaint on May 19, 2025. (ECF Nos. 12 & 13.) After receiving input from the parties' Rule 26(f) report, the Court entered a scheduling order on July 7, 2026, setting a discovery cutoff date of February 27, 2026 and a dispositive motions deadline of March 27, 2026. (ECF No. 19.) Waiting until February 25, 2026, just two days before the close of fact and expert discovery, Feliciano now seeks leave to amend his complaint to add Chad Goeman, Patricia Goeman, and John Wojciechowski, the three current members of True AV, as defendants. (ECF No. 23 at 1.) Because the motion comes far too late and allowing the amendment would unfairly prejudice the would-be defendants, Feliciano's motion will be denied.

Amendments to pleadings are governed by Federal Rule of Civil Procedure 15. Under Rule 15(a)(1)(B), a plaintiff may amend his pleading as of right within 21 days of the defendant's answer. The deadline for Feliciano to do so was June 10, 2025, twenty-one days after True AV filed its answer on May 19, 2025. A party may otherwise only amend its pleading with the other party's written consent or leave of the Court. Fed. R. Civ. P. 15(a)(2). Whether to grant or deny leave to amend is within the Court's discretion. *Empress Casino Joliet Corp. v. Balmoral Racing*

*Club, Inc.*, 831 F.3d 815, 831 (7th Cir. 2016.) While leave to amend should be freely given "when justice so requires," leave is not appropriate when there is undue delay, bad faith, or dilatory motive by the movant, or the opposing party would face undue prejudice if the amendment were allowed. *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman v. Davis*, 371 U.S. 178, 183 (1962)).

In support of his request to amend, Feliciano asserts that the amendment is supported by discovery, which revealed that the proposed new defendants "personally participated" in discriminatory conduct designed to force Feliciano from the partnership. (ECF No. 23-1 ¶3.) Feliciano states that the other members of the LLC "complained about [his] vocabulary and manner of speaking while ignoring" Wojciechowski's similarly poor conduct and "low level education." (ECF No. 23 at 1–2.) Feliciano cites *Matthews v. Marten Transportation Ltd.,* 354 F.Supp.2d. 899 (W.D. Wis. 2005), a Western District of Wisconsin decision that granted in part a motion to dismiss, but that does not involve a Rule 15 motion to amend. (ECF No. 23 at 2.) Feliciano insists, without explanation, that "there is no prejudice" to True AV, the current defendant. (*Id.* at 2.) He does not address why allowing an amendment at this stage would not prejudice the three new defendants, none of whom has had a chance to take discovery (which has now closed) or otherwise participate in the litigation.

True AV opposes this motion and argues that Feliciano knew the proposed defendants' identities, and the facts that support naming them as defendants, well before he filed his initial complaint, and that each new defendant would be greatly prejudiced because they would not be added as parties until after discovery closed. (ECF No. 27 at 1.) The Court agrees. Feliciano's complaint is based on the theory that Patricia and Chad Goeman and Wojciechowski, as owners or "partners" of True AV, violated Section 1981 when they conspired to end his role in the partnership because of his race, and that he learned they wanted to remove him from the partnership when they "informed [him] that they did not think [he], his culture, [and] appearance were a good fit" for the LLC. (ECF No. 1 ¶9.) Feliciano's proposed amended complaint advances the exact same theory, repeats most allegations verbatim, and simply adds the three individual partners as defendants. (ECF No. 22 ¶¶5–6, ¶10.) It is evident that Feliciano must have known the identities of the three other partners in his partnership before filing his initial complaint. The record also confirms that granting leave to amend at this time would unduly and severely prejudice these new defendants. Discovery closed on February 27, 2026. Motions for summary judgment

were due on March 27, 2026.  The new defendants would obviously be prejudiced if they were to be added after the opportunity to conduct discovery had closed and, at this point, after the dispositive motions deadline has expired.  Nor is the Court inclined to blow up the schedule, which it set long ago, with input from the parties, and thereby delay adjudication of this long-pending matter.

In his reply brief, Feliciano attempts to explain why he did not amend his complaint earlier. He asserts that good cause to amend exists because he advances the same legal theory and an amendment will avoid potential piecemeal litigation.  (ECF No. 30 at 2–3.)  But he fails to explain why he did not name these individuals as defendants at the outset or how they would not be prejudiced by being added at this late hour.  His assertion that adding these defendants now would only raise "calendar-based concerns, not substantive prejudice," (*id.* at 5), unfairly minimizes the financial liability he seeks to impose on these individuals without allowing them any opportunity to participate in litigating the case.  Because the record confirms that Feliciano unduly delayed amending his complaint, and allowing the amendment would prejudice the new defendants, the Court will deny Feliciano's motion to amend his complaint.  *See Empress Casino Joliet Corp.*, 831 F.3d at 831; *Villa*, 924 F.2d at 632.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Complaint, ECF No. 23, is **DENIED**.

Dated at Milwaukee, Wisconsin on April 2, 2026.

s/ *Brett H. Ludwig*

BRETT H. LUDWIG
United States District Judge